UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN D. EDWARDS,

        Plaintiff,

v.

ANDREW MEISNER, *et al.*,

        Defendants.

_____/

Case No. 19-cv-10047

Paul D. Borman
United States District Judge

Anthony P. Patti
United States Magistrate Judge

**OPINION AND ORDER:**
**(1) ADOPTING MAGISTRATE JUDGE PATTI'S DECEMBER 18, 2019**
**REPORT AND RECOMMENDATION (ECF NO. 50);**
**(2) OVERRULING PLAINTIFF'S OBJECTION (ECF NO. 56);**
**(3) OVERRULING DEFENDANTS' OBJECTIONS (ECF NOS. 51, 53 & 54);**
**(4) DENYING WITHOUT PREJUDICE SEVERAL DEFENDANTS'**
**MOTIONS TO DISMISS (ECF NOS. 28, 29 & 30);**
**(5) GRANTING HABITAT FOR HUMANITY'S MOTION TO DISMISS**
**(ECF NO. 37); AND**
**(6) ADMINISTRATIVELY STAYING CASE**

On December 18, 2019, Magistrate Judge Anthony P. Patti issued a Report and Recommendation ("Report") to deny without prejudice several motions to dismiss (ECF Nos. 28, 29 & 30), grant defendant Habitat for Humanity's ("HFH") motion to dismiss (ECF No. 37), and stay this matter pending the Michigan Supreme Court's decision in *Rafaeli, LLC v. Oakland County*, No. 156849 (Mich.), and the Sixth Circuit's decision in *Freed v. Thomas*, No. 18-2312 (6th Cir.). (ECF No. 50, Report). On December 27, 2019, December 30, 2019 and January 2, 2020, certain

Defendants filed Objections to the Report related to denying their respective motions to dismiss without prejudice. (ECF Nos. 51, 53 & 54, Defs.' Resps.) On January 7, 2020, Plaintiff filed an Objection to the Report related to granting HFH's motion to dismiss. (ECF No. 56, Pl's Obj.) No responses to any of the objections have been filed.

Having conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court OVERRULES Plaintiff's Objection, OVERRULES Defendants' Objections, ADOPTS the Magistrate Judge's Report and Recommendation, DENIES WITHOUT PREJUDICE several Defendants' Motions to Dismiss (ECF Nos. 28, 29 &30), GRANTS Habitat for Humanity's Motion to Dismiss (ECF No. 37), and ADMINISTRATIVELY STAYS this case.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court adopts the factual and procedural background facts of this case as set forth in the Report, as follows:

### A. Background

This lawsuit concerns the property commonly known as 25055 W. Ten Mile Road, Southfield, MI 48033. (ECF No. 24 ¶ 17.) Plaintiff acquired ownership in this property on November 10, 2008. (ECF No. 24 ¶ 19; ECF No. 24, PgID 559.) Apparently, he made tax payments totaling $4,952.33 through February 2012,

although it is not clear whether this brought his tax payments up to date. (ECF No. 24 ¶ 19; ECF No. 24, PgID 561.) Also, it appears that Plaintiff did not make property tax payments for the years 2012, 2013, 2014 or 2015, a 4-year period for which the obligations totaled $13,927.89. (ECF No. 24 ¶¶ 18, 21; ECF No. 24, PgID 561.)

On February 3, 2016, as the result of a county tax sale, ownership in the property was transferred to the Oakland County Treasurer. (ECF No. 24, PgID 559.) (*See also* ECF Nos. 28-1, 29-2 [Case No. 2015-147555-CZ, Judgment of Foreclosure].) Just a few weeks later, at a February 29, 2016 meeting, the City of Southfield Council authorized a joint venture between "the City of Southfield and the Southfield Non-Profit Housing Corporation [SNPHC], with the SNPHC providing the capital [to] finance the venture, allowing the City to acquire from the Oakland County Treasurer's office tax-foreclosed properties available in 2016 for the purpose of renovating and selling to owner occupants." (ECF No. 24, PgID 566.)

Plaintiff claims that he, "on multiple occasions offered to repurchase his property for the delinquent taxes . . . to no avail." (ECF No. 24 ¶ 5; *see also* ECF No. 24 ¶¶ 24, 38.) Nonetheless, on July 7, 2016, for the sum of $13,614.17, ownership in the property transferred from the Oakland County Treasurer to the City of Southfield. (ECF No. 24 ¶¶ 4, 22; ECF No. 24, PgID 559; ECF No. 28-2.)

3

### B. Plaintiff's Prior State Court Case

On July 15, 2016, Plaintiff filed a case in state court against the Oakland County Treasurer and the City of Southfield "requesting an order setting aside an order foreclosing on his property, invalidating the sale of the property, and granting plaintiff legal title to the property." *Edwards v. Oakland Cty. Treasurer*, No. 336682, 2018 WL 1831930, at *1 (Mich. Ct. App. Apr. 17, 2018). *See* Case No. 2016-154022-CH (Oakland County). Ultimately, on January 6, 2017, the court granted Defendants' motions for summary disposition. (*See*, *e.g.*, ECF Nos. 28-3, 29-3.) Five days thereafter, on January 11, 2017, ownership in the property transferred from the City of Southfield to "Southfield Neighborhood Revitalizat[,]" presumably the Southfield Neighborhood Revitalization Initiative (SNRI). (ECF No. 24 ¶¶ 5, 23; ECF No. 24, PgID 559, ECF No. 30-5.)

On April 17, 2018, the Michigan Court of Appeals affirmed the trial court, while noting that "Plaintiff's remaining arguments concerning superintending control, MCL 211.78q(5), and 42 U.S.[C. §] 1983 were not brought before the trial court and are therefore not preserved for appellate review." *Edwards v. Oakland Cty. Treasurer*, No. 336682, 2018 WL 1831930, at *7 (Mich. Ct. App. Apr. 17, 2018), *appeal denied*, 503 Mich. 875, 917 N.W.2d 652 (2018)). On October 2, 2018, the Michigan Supreme Court denied Plaintiff's application for leave to appeal.

*Edwards v. Oakland Cty. Treasurer*, No. 157850, 503 Mich. 875, 917 N.W.2d 652 (2018).

### C. Plaintiff's Prior E.D. Mich. Case

The following month, on November 8, 2018, Plaintiff filed, *in pro per,* a federal lawsuit, which alleged violations of the Fair Housing Act, Michigan law, the Due Process Clause of the United States Constitution, and the Racketeer Influenced and Corrupt Organizations (RICO) Act. (Case No. 2:18-cv-13488-PDB-APP (E.D. Mich.), ECF No. 1.) Notable to the present matter, Plaintiff's state law cause of action cited a portion of Michigan's General Property Tax Act (GPTA), Mich. Comp. Laws § 211.78(2). (*Id.* ¶ 39.)

The following day, in state district court, SNRI filed an application for an order of eviction, which was granted with the caveat "not to execute before Nov[ember] 27, 2018." (ECF No. 30-7.) On January 2, 2019, this Court entered an opinion and order denying Plaintiff's motion for preliminary injunction and dismissing Plaintiff's complaint for lack of subject matter jurisdiction. *Edwards v. Meisner*, No. 18-CV-13488, 2019 WL 78890 (E.D. Mich. Jan. 2, 2019). Specifically, this Court found that: (1) "Plaintiff's Claims Seeking to Overturn State Court Orders of Foreclosure and Eviction Are Barred Under the Rooker-Feldman

5

Doctrine[;]"[1] and, (2) "The Entirety of Plaintiff's Complaint is Barred by the Tax Injunction Act and Related Principles of Comity[.]" *Edwards*, 2019 WL 78890, *4, *7. Still, the dismissal was without prejudice, "leaving Plaintiff free to attempt to bring these claims 'in an appropriate state forum.'" *Id.* at *13 (*quoting Rafaeli, LLC v. Wayne County*, No. 14-13958, 2015 WL 3522546, at *10 (June 4, 2015)).

Five days later, on January 7, 2019, the state district court granted SNRI's motion for execution of a writ of eviction but effectively forestalled execution until January 11, 2019. (ECF No. 30-6.).

**D.    The Instant Case**

Also on January 7, 2019, Plaintiff filed the instant lawsuit *in pro per*. (ECF No. 1.) It seems that, on January 15, 2019, Plaintiff filed a "Notice of Lis Pendens." (ECF No. 24, PgID 573-775 [Exhibit 4].) The May 9, 2019 amended complaint in this matter names a multitude of Defendants, which can be grouped as follows:

- The Oakland County Defendants (the county and County Treasurer Andrew Meisner)

- Defendant Michigan Municipal Risk Management Authority (MMRMA)

---

[1] "The *Rooker–Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)).

6

- The City of Southfield Defendants (the city and several individuals)

- The SNPHC Defendants (the corporation and several individuals)

- The SNRI Defendants (the initiative and several individuals)

- Defendant HFH

(ECF No. 24, PgID 536; ECF No. 24 ¶¶ 9-13.)[2]

Plaintiff's amended complaint begins with an 8-page, narrative "introduction." However, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Looking to the numbered paragraphs, Plaintiff generally alleges that "[t]he taking of [his] property and *equity* over and above the fine for the delinquent taxes is an unlawful government taking without just compensation and an infringement of [his] Eighth and Fourteenth Amendment rights under the U.S. Constitution." (ECF No. 24 ¶ 6 (emphasis added).) Although Plaintiff's operative

---

[2] The exact number of Defendants is unclear. Some of the individual Defendants are listed multiple times in the caption of the amended complaint. Moreover, the Court suspects that Defendants Kenson Siver and Ken Siver are the same individual. (*Compare* ECF Nos. 5-6, *with* ECF Nos. 9, 15, 17, 29, 36.) Finally, while the Oakland County Defendants are listed in the caption, as required by Fed. R. Civ. P. 10(a), the Oakland County Defendants are not listed in Plaintiff's description of the "parties," (ECF No. 24 ¶¶ 9-13), although they are listed in Plaintiff's attached "[c]omplete list of Defendants[,]" (ECF No. 24, PgID 576 [Schedule A]).

pleading mentions several sources of authority, Plaintiff's *federal* equity-based causes of action include:

    **(1)**    alleged violations of his rights to just compensation and freedom from excessive fines, *i.e.*, a claim based upon the Fifth Amendment and/or the Eighth Amendment;

    **(2)**    an alleged violation of his right to Equal Protection, *i.e.*, a claim based upon the Fourteenth Amendment;[3] and,

    **(3)**    a municipal liability claim against the Oakland County Defendants, which additionally mentions deprivation of his right to due process, *i.e.*, presumably a claim based upon the Fourteenth Amendment.

(ECF No. 24 ¶¶ 29-44.)[4] Plaintiff seeks injunctive, as well as other forms of, relief. (ECF No. 24, PgID 544-555.)

    **E.**    **Pending Matters**

Presently, there are several pending dispositive motions: **(1)** the Oakland County Defendants' motion to dismiss the amended complaint (ECF No. 28); **(2)** the

---

[3] Plaintiff seems to suggest that distribution of proceeds from a GPTA foreclosure for delinquent property taxes should occur like distribution of proceeds under Mich. Comp. Laws § 600.3252 for a mortgage foreclosure. (ECF No. 24 ¶¶ 39-40.)

[4] That Plaintiff intended his federal constitutional claims to be based on the Fifth, Eighth and Fourteenth Amendments is consistent with other portions of his operative pleading. (*See*, *e.g.*, ECF No. 24, PgID 539, 543-547, 551.) However, it is worth noting: "Given that the [Eighth] Amendment is addressed to bail, fines, and punishments, our cases long have understood it to apply primarily, and perhaps exclusively, to criminal prosecutions and punishments." *Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 262 (1989).

City of Southfield Defendants' motion to dismiss and for sanctions (ECF No. 29); **(3)** the SNPHC and the SNRI Defendants' motion to dismiss Plaintiff's amended complaint and for sanctions (ECF No. 30); and, **(4)** Defendant HFH's motion to dismiss (ECF No. 37). Defendant MMRMA has yet to appear. (ECF No. 49 at 5.)

On June 13, 2019, Plaintiff filed a combined response to the first three motions. (ECF No. 33.) The respective Defendants filed individual replies. (ECF Nos. 34, 36, 38.) Thereafter, an additional dispositive motion having been filed by that point, Plaintiff filed a combined response to the four pending dispositive motions. (ECF No. 39.)

### F. Report and Recommendation

On December 18, 2019, Magistrate Judge Patti issued a Report and Recommendation, recommending that the Oakland County, City of Southfield, and SNPHC/SNRI's pending motions to dismiss be denied without prejudice, and that the case be administratively stayed, pending the decisions of the Michigan Supreme Court in *Rafaeli, LLC v. Oakland Cty.*, No. 156849 (Mich.), and the Sixth Circuit in *Freed v. Thomas*, No. 18-2312 (6th Cir.). (Report at p. 20, PgID 1262.) The Report also recommended that HFH's motion to dismiss be granted because Plaintiff's amended complaint fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief[]" under Fed. R. Civ. P. 8(a)(2) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (*Id.* at p. 24, PgID 1266.)

9

## II.     STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705,

2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)).

### III. ANALYSIS

#### A. Defendants' Objections

The Oakland County, City of Southfield, and SNPHC/SNRI Defendants assert a total of 11 objections to the Report in their three separate Objections (ECF Nos. 51, 53, & 54). However, in those objections Defendants primarily argue that the Magistrate Judge erred in recommending that the Court administratively stay the case pending decisions in *Rafaeli* and *Freed*, and that the Court should instead rule on the merits of their motions. For the reasons set forth below, the Court agrees that it should administratively stay the case pending the Michigan Supreme Court's decision in *Rafaeli* and the Sixth Circuit's decision in *Freed* because the jurisdictional and substantive arguments raised in the motions to dismiss are being considered by those two courts with binding authority.

Contrary to Plaintiff's prior federal court lawsuit which sought to overturn a state court order of foreclosure and eviction (which claims this Court found were barred under the Rooker-Feldman doctrine and by the Tax Injunction Act and related principles of comity), the present case asserts claims for the taking of Plaintiff's property and equity in violation of Fifth and Fourteenth Amendments to the United States Constitution, and an imposition of an excessive fines in violation of the Eighth

11

Amendment. (See Am. Compl. ¶ 25.) Plaintiff estimates the subject property's value at $150,000 and claims that the sale of his property for less than $15,000 in delinquent property taxes has stripped him of "over $135,000 in equity." (*Id.* ¶¶ 20-22.)

Since Plaintiff filed his amended complaint, the United States Supreme Court issued its opinion in *Knick v. Township of Scott*, 139 S. Ct. 2162 (2019), in which it held that a property owner has an actionable Fifth Amendment takings claim when the government takes his property without paying for it, and therefore may bring his claim in federal court under 42 U.S.C. § 1983 at that time. *Id.* at 2167-68. In reaching its decision, the Supreme Court expressly overruled the state-litigation requirement in *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), meaning that a property owner no longer has to challenge the taking under state law in state court before being legally permitted to raise their taking claim in federal court. *Knick*, 139 S. Ct. at 2179.

The *Rafaeli* case currently before the Michigan Supreme Court presents facts and law similar to this case. Rafaeli first brought a claim in federal court, alleging, in part, that the taking of surplus funds from his property's foreclosure is unconstitutional. *See Rafaeli, LLC v. Wayne Cty.*, No. 14-13958, 2015 WL 3522546 (E.D. Mich. June 4, 2015). In 2015, the district court dismissed Rafaeli's challenge because "before a taking claim may be considered ripe for adjudication in this Court,

12

Plaintiffs must first bring an inverse condemnation claim in state court, seeking to recover their forfeited surplus equity." *Id.* at *9 (relying on *Williamson Cty. Reg'l Planning Comm's v. Hamilton Bank*, 473 U.S 172, 194 (1985), *overruled by Knick v. Township of Scott*, 139 S. Ct. 2162 (2019)). Plaintiffs then did that. Their state court case was dismissed on summary disposition, and the Michigan Court of Appeals affirmed. On November 21, 2018, the Michigan Supreme Court granted leave to appeal in *Rafaeli, LLC v. Oakland Cty*, Case No. 156849, and directed the parties to "address whether the defendants violated either the Takings Clause of the United States Constitution, U.S. Const., Am. V, or the Takings Clause of the Michigan Constitution, Const. 1963, art. 10, § 2, or both, by retaining proceeds from the sale of tax foreclosed property that exceeded the amount of the tax delinquency in accordance with MCL 211.78m(8)(h)." *Rafaeli, LLC v. Oakland Cty.*, No. 156849, 503 Mich. 909 (2018). The Michigan Supreme Court heard oral argument on November 7, 2019, and then permitted the parties to file supplemental briefing. *Rafaeli, LLC v. Oakland Cty.*, No. 156849, 2019 WL 6359413, at *1 (Nov. 27, 2019.) No decision has been issued to date.

This same issue is also before the Sixth Circuit in *Freed v. Thomas*, Case No. 18-2312. The facts in *Freed* are very similar to the facts here. Freed claims that his property, valued a $97,000, was seized for non-payment of taxes totaling $1,109.06, and sold, but that the equity was not returned to him, constituting a taking in violation

13

of the Fifth and Fourteenth Amendments as well as an excessive fine in violation of the Eighth Amendment. The court ultimately dismissed Freed's claims based on the Fifth, Fourteenth and Eighth Amendments for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), and as prevented by the Tax Injunction Act and comity. *Freed v. Thomas*, No. 17-13519, 2018 WL 5831013, at *3 (E.D. Mich. Nov. 7, 2018) (Friedman, J.) (but agreeing that "[i]t is unconscionable that the Michigan legislature has seen fit to adopt a property taxation system that not only permits but requires county treasurers to take title to real property when the taxes thereon are not timely paid and to then retain all of the proceeds obtained for the property at auction, returning nothing to the former property owner regardless of the 'surplus' or 'overage.'").

Freed appealed the district court's decision to the Sixth Circuit, and the case was argued on May 9, 2019. *Freed v. Thomas*, No. 18-2312. On August 19, 2019, the Sixth Circuit directed the parties to file supplemental briefing "as to if and how the Supreme Court's recent decision in *Knick v. Township of Scott*, 139 S. Ct. 2162 (2019), affects this case," (*id*. Doc. 58), and on October 16, 2019, the Sixth Circuit requested supplement briefing "addressing whether the court should wait until after the Michigan Supreme Court decides *Rafaeli, LLC v. Oakland County* before issuing its opinion in this case." (*Id.* Doc. 66.) The Sixth Circuit has yet to issue an opinion.

14

Given the forthcoming decisions by the Michigan Supreme Court in *Rafaeli* and the Sixth Circuit in *Freed*, other courts in this district facing the same jurisdictional issues under very similar facts have declined to rule until those issues are decided. *See Johnson v. Meisner*, No. 19-cv-11569, 2020 WL 2832253, at *5 (E.D. Mich. May 31, 2020) (Tarnow, J.) (administrative staying the case because "[g]iven the precedential power of the pending decisions, their holdings are not merely informative, but imperative."); *Sinclair v. Meisner*, No. 18-cv-14042, 2020 WL 1149957, at *2 (E.D. Mich. Mar. 10, 2020) (Berg, J.) ("Given the Sixth Circuit's forthcoming decision in *Freed*, other courts in this district facing the same jurisdictional questions have declined to rule until the *Freed* decision is issued. The Court finds that the interests of judicial economy counsel in favor of doing the same.") (internal citations omitted); *Fox v. Cty. of Saginaw*, No. 19-cv-11887, 2020 WL 133995, at *4 (E.D. Mich. Jan. 10, 2020) (Ludington, J.) ("The Court sees no reason to resolve this issue while it is pending before the Sixth Circuit. Accordingly, the case will be stayed pending the Sixth Circuit's resolution of *Freed v. Thomas*."); *Arkona v. Cty. of Cheboygan*, No. 19-cv-12372, 2020 WL 127774, at *4 (E.D. Mich. Jan. 10, 2020) (Ludington, J.) (holding that "[b]ecause the facts in *Freed v. Thomas* and the facts before this Court are almost identical" that "the case is stayed pending the Sixth Circuit's decision in *Freed*[.]"); *see also Wayside Church v. Cty. of Van*

15

*Buren*, Case No. 2:14-cv-1274 (remaining "in abeyance pending the Michigan Supreme Court's decision in *Rafaeli*.") (ECF No. 81, PgID 878.)

This Court similarly finds that the interests of judicial economy counsel in favor of doing the same in this case. Accordingly, this matter shall be stayed pending the Sixth Circuit's decision in *Freed v. Thomas*, Case No. 18-2312 (6th Cir.) and the Michigan Supreme Court's decision in *Rafaeli, LLC v. Wayne Cty.*, No. 156849. Accordingly, the Oakland County, City of Southfield, and SNPHC/SNRI Defendants' motions to dismiss are DENIED WITHOUT PREJUDICE.[5]

## B.   Plaintiff's Objection

The Magistrate Judge recommended that the Court grant HFH's motion to dismiss for failure to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Fed. R. Civ. P. 8(a)(2) and for "failure

---

[5] Defendants also contend that the Tax Injunction Act and principles of comity bar jurisdiction in this case and that res judicata prevents this Court from hearing this case, and certain defendants call for sanctions against Plaintiff for bringing this second lawsuit. However, because this Court has yet to decide whether it has jurisdiction over this case, it declines to rule on matters of merit and will decide all Defendants' arguments regarding jurisdiction and merit at the appropriate time. The Court further notes that a prior dismissal for lack of jurisdiction pursuant to Rule 12(b)(1) is not a dismissal on the merits for res judicata purposes, which requires a final decision on the merits by a court of competent jurisdiction. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citing Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1350 at 225 (1990) ("Inasmuch as a Rule 12(b)(1) motion basically is one in abatement, a dismissal is not a decision on the merits and has no res judicata effect that would prevent the reinstitution of the action in a court that has subject matter jurisdiction over the controversy.")).

to state a claim upon which relief can be granted" pursuant to Fed. R. Civ. P. 12(b)(6). (Report at p. 24, PgID 1266.) As noted in the Report, the numbered paragraphs in Plaintiff's amended complaint merely describe HFH as "a Michigan based corporation with offices in the County of Oakland, State of Michigan," claim that *Defendant Meisner* has a "conflict of interest" between his roles as the county treasurer and (allegedly) the President of HFH's Board of Directors,[6] which results in HFH using the City of Southfield's right of first refusal under the GPTA and "a windfall of equity for the partners to this scheme[,]" and appear to claim HFH is acting outside of its role as a non-profit organization, seeking a *writ quo warranto*, presumably "to revoke [its] charter." (Report at pp. 21-22, PgID 1263-64, citing ECF No. 24, ¶¶ 12, 26, 34 & PgID 555, 566.) The Report further explains that "no implied cause of action exists under § 501(c)(3)." (*Id.* at p. 23, PgID 1265, citing *Grant v. Trinity Health-Michigan*, 390 F. Supp. 2d 643, 651 (E.D. Mich. 2005).) The Magistrate Judge concluded that the amended complaint therefore fails to state a cognizable claim against HFH under Rule 8 and fails to state a claim upon which relief can be granted under Rule 12(b)(6). (Report at p. 24, PgID 1266.)

Plaintiff filed an objection to this recommendation, but he fails to specifically address how he will cure the deficiencies in his pleading as to Defendant HFH

---

[6] The Report notes that Meisner is listed on HFH of Oakland County's website as simply a member of the Board of Directors, not an officer. (Report at p. 21 n.9, PgID 1263.)

identified in the Report. (Pl.'s Obj.) To the extent Plaintiff asserts he is "awaiting discovery to get more of a grasp on how all of the named Defendants participate" in this case (Pl.'s Obj at p. 7, PgID 1428), the Sixth Circuit, relying on Supreme Court precedent, has held that plaintiffs are not permitted to "proceed past the pleading stage and take discovery in order to cure a defect in a complaint." *Patterson v. Novartis Pharms. Corp.*, 451 F. App'x 495, 498 (6th Cir. 2011); *see also Mitchell v. McNeil* 487 F.3d 374, 379 (6th Cir. 2007) (concluding that because the complaint failed to state a claim, "it follows that the district court did not err in granting defendants' Rule 12(b)(6) motion before permitting discovery by plaintiffs….the very purpose of Rule 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."). Plaintiff also states he is not a lawyer and asks for "leniency in regards to his imperfect pleadings[.]" (Pl.'s Obj. at p. 4, PgID 1425.) However, the Court notes that, as set forth above, Plaintiff is a law student and has experience in both federal and state court proceedings, and further that the leniency with which courts construe pro se plaintiff's complaints does not abrogate basic pleading requirements and that "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing in part *Kamppi v. Ghee*, 208 F.3d 213 (Table), 2000 WL 303018, at *1 (6th Cir. Mar. 14, 2000) ("Thus, the less stringent standard for pro se plaintiffs does not

18

compel the courts to conjure up unpleaded facts to support conclusory allegations.")).

Accordingly, Plaintiff's Objection is OVERRULED, the Report is ADOPTED, and Defendant Habitat for Humanity's Motion to Dismiss (ECF No. 37) is GRANTED.

## IV. CONCLUSION

For the foregoing reasons, the Court:

**(1) ADOPTS** Magistrate Judge Patti's December 18, 2019 Report and Recommendation (ECF No. 50);

**(2) OVERRULES** Defendants' Objections (ECF Nos. 51, 53, 54);

**(3) OVERRULES** Plaintiff's Objection (ECF No. 56);

**(4) DENIES WITHOUT PREJUDICE** several Defendants' Motions to Dismiss (ECF Nos. 28, 29 & 30);

**(5) GRANTS** Defendant Habitat for Humanity's Motion to Dismiss (ECF No. 37); and

**(6) ADMINISTRATIVELY STAYS** the case pending the decisions in *Rafaeli, LLC v. Oakland Cty.*, No. 156849 (Mich.) and *Freed v. Thomas*, No. 18-2312 (6th Cir.).

IT IS SO ORDERED.

Dated: June 26, 2020

s/Paul D. Borman
Paul D. Borman
United States District Judge